RECEIVED
USDC CLERK, CHARLESTON, S.

2006 MAR 27  A 10 30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Rodriguez, ) | C. A. No. 9:04-22105-CWH-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| John Ashcroft, Attorney ) General; Kenneth R. Jones, ) Recreation Supervisor, Federal ) Correctional Institution, ) 100 Prison Rd., Estill, S.C. ) 29918, ) | |
| Defendants. ) | |

This employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.*, brought by a federal employee proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for summary judgment filed on November 14, 2005.  28 U.S.C. § 636(b).

On September 2, 2004, the plaintiff, Victor Rodriguez, sued John Ashcroft, Attorney General, and Kenneth R. Jones, Recreation Supervisor, Federal Correctional Institution, Estill, South Carolina[1], and alleged that the defendants subjected him to "discrimination, retaliation, humiliation, loss of wages, and embarrassment" because of animus toward his Hispanic ethnicity. He seeks damages.

---

[1] Jones has never been served with the summons and complaint and should be dismissed from the action on that basis.

1

On November 15, 2005, Rodriguez was provided a copy of the defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Rodriguez filed an opposition to the motion on December 16, 2005. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute

exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. CenTra, Inc., 947 F.2d 115, 119 (4th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Unsupported speculation is not enough to withstand a motion for summary judgment. Ash v. United Parcel Service, Inc., 800 F.2d 409, 411-12 (4th Cir. 1986). Indeed, the court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." The court may not move beyond inference and into the realm of mere conjecture. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 242 (4th Cir. 1982).

## **FACTS**

In considering the defendant's motion for summary judgment, the facts, either undisputed or as presented by the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are as follow.[2]

The plaintiff began his employment at Federal Correctional Institution (FCI) Estill in 1996. He has received regular grade and step increases and is still employed at Estill as a

---

[2] All facts are taken either from the deposition of the plaintiff or the affidavit of Geraldo Maldonado, Jr., the Warden of FCI Estill which has been made part of the record here.

Recreation Specialist. As Recreation Specialist, he was responsible for facilitating the Hobby Craft Program. Inmates who participate in the Hobby Craft Program complete craft projects and are permitted to have them mailed out of the prison to family or friends on their visitor's list.

At the Warden's direction, on August 14, 2002, Associate Warden Charles Hawkins informed plaintiff that he was being assigned to an observation post outside of the institution from which he was to observe the recreation yard and to report any abnormalities that he observed. No disturbances or abnormalities occurred while plaintiff had this assignment.

By memorandum of the same day, Hawkins set out the details of the reassignment and stated that plaintiff would be required to contact the Operations Lieutenant upon arrival and departure from the institution. The memorandum also told plaintiff that these actions had to be taken because plaintiff was under investigation for possible serious misconduct reported by an inmate. Plaintiff was being investigated for four allegations against him, including falsifying prison documents, failing to follow prison policy, breach of security, and failing to supervise inmates.

Hawkins issued a second memorandum on September 18, 2002, informing plaintiff that he would be required to report to the Special Investigative Supervisor (SIS) upon arrival and departure

4

from his assigned post. Warden Maldonado made these decisions. Warden Maldonado is also Hispanic and he affied that his decisions were not motivated by the plaintiff's Hispanic ethnicity or any prior EEO activity.

The plaintiff's job duties included inspecting each package a participant in the craft and hobby program submitted to be mailed out of the prison to be sure no contraband was in the package. The allegation made by an inmate was that plaintiff was allowing inmates to ship contraband designated as a completed craft or hobby project out of the prison. The OIG investigators told plaintiff that inmates had been illegally sending out magazines, letters, pictures, and other contraband in the packages he was supposed to have personally inspected. The OIG officers showed plaintiff photographs of the contraband and the forms which plaintiff had signed authorizing the packages to be sent.

The plaintiff admitted he was performing only "random" checks of the packages and "wasn't paying attention when inmates were probably putting stuff in it." Plaintiff understood that these were serious allegations which could give rise to a criminal prosecution. Plaintiff recognized that the agency had an obligation to investigate these serious allegations and that he was being appropriately assigned outside the prison to prevent contact between himself and inmates for security reasons.

The plaintiff was not disciplined for his admitted failure to follow prison policy because he presented evidence to Warden Maldonado that Recreation Supervisor Kenneth Jones and Recreation Specialist Joseph Owens had also authorized packages to be sent from the prison which contained contraband, but had only received a minimally acceptable performance review. Additionally, Plaintiff was able to show that other, more serious, allegations were unfounded. As a result, plaintiff was returned to his post inside the prison following the conclusion of the investigation.

Plaintiff believes that it was unfair that he was subjected to the OIG investigation at all because Jones and Owens were not investigated by the OIG. Still, plaintiff recognizes that Jones and Owens had not had allegations of other serious misconduct, falsifying documents and breach of security, made against them by an inmate as Plaintiff did. Additionally, plaintiff agrees that other officers, Peoples and Lyons, lost their jobs following similar allegations.

Plaintiff made an initial contact with the EEO Office on September 9, 2002, and had his initial interview that same day. Following the completion of EEO counseling, plaintiff filed a formal complaint outlining a series of events that had taken place since September 1998 which he believed to be discriminatory. The agency accepted only the following two claims for investigation:

   1.   You allege on August 14, 2002, you were
   assigned to an unarmed, stationary observation
   post. You allege this post assignment prohibited
   you from entering the institution and required you
   to abide by different procedures of reporting to
   work, departing from work, and requesting leave.

   2.   On September 18, 2002, you were instructed to
   report to the Special Investigative Supervisor
   upon arrival and departure from your post.

## LAW

Plaintiff claims he was subjected to disparate discipline because he is Hispanic, and in retaliation for filing a prior EEO complaints years before. These claims are governed by Title VII provisions as they apply to federal employees. 42 U.S.C. § 2000e-16.

Title VII, which was enacted as part of the Civil Rights Act of 1964, provides that it "shall be an unlawful employment practice for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) & (a)(1).

In order to demonstrate a case of disparate treatment, a plaintiff must show either direct evidence of intentional discrimination or he must satisfy the familiar burden-shifting three-step circumstantial evidence test as articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, Texas Dep't of Community

7

Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981). See also, Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413 (4th Cir. 1998), and Evans v. Tech. Applications and Serv. Co., 80 F.3d 954 (4th Cir. 1996).

Here, because there is no direct evidence of illegal discrimination, plaintiff must show circumstantial evidence of discrimination by establishing a *prima facie* case of discrimination under McDonnell Douglas and its progeny.

To establish a *prima facie* case of disparate discipline under Title VII, a plaintiff must show that (1) he engaged in prohibited conduct similar to that of a person of another race, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person. See, Taylor v. Virginia Union Univ., 193 F.3d 219, 234 (4th Cir. 1999), cert. denied, 120 S.Ct. 1243 (2000). The defendant may then offer a non-discriminatory reason for the disparity, which then triggers the plaintiff's obligation to rebut the proffered explanation. See, Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). In determining similarity for the purposes of this test, plaintiff must show "that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the ... class." Id.

## DISCUSSION

A review of the record and relevant case law reveals that the defendant is entitled to judgment as a matter of law because the plaintiff was not similarly situated to his named comparators, and, because even if the plaintiff had demonstrated a prima facie case, he has produced nothing to rebut the defendant's legitimate non-pretextual reason for his investigation and reassignment during the pendency of the investigation.

This is not a difficult case; the plaintiff was not similarly situated to Jones and Owens, his named comparators. Jones and Owens did not have allegations of other serious misconduct, falsifying documents and breach of security, made against them by an inmate as plaintiff did.

Plaintiff himself admitted that multiple serious allegations had been made against him; that these allegations were made by at least one inmate and concerned misconduct of inmates under his watch; that the agency had an obligation to investigate the allegations; and that the agency reassigned him to an observation post away from direct contact with inmates during the pendency of the investigation.

Speaking for the agency, Warden Maldonado explained that he made the decision to reassign plaintiff to the observation post outside the prison itself during the investigation so that he

9

would not have to enter the institution or interact with inmates pending the investigation. Maldonado explained that as a result of the serious allegations which had been made he believed that plaintiff may have been compromised with the prison population. Therefore, for safety reasons, he decided to separate the plaintiff from the inmates during the pendency of the investigation.

Once the agency has established a legitimate, non-discriminatory reason for the its actions, the burden shifted back to the plaintiff to show that the articulated reason was pretextual. Plaintiff has no evidence whatsoever that the warden's explanation for his decision is pretextual. Under these circumstances, there exists no genuine question of material fact which must await resolution by a fact finder. The requirements of Rule 56 have been met, entitling the defendant to judgement as a matter of law. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the defendant's motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March 27, 2006

10

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

11