**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Victor Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:04-22105-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| John Ashcroft, Attorney General, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On September 2, 2004, the plaintiff commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964. On November 14, 2005, the defendant moved for summary judgment. On March 27, 2006, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a report analyzing the issues and recommending that the Court grant the defendant's motion for summary judgment. On April 14, 2006, the plaintiff objected to the report and recommendation.

This matter is now before the Court for disposition. This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F.Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the

matter with instructions.  28 U.S.C. §636(b)(1).  After a full review of the record and pertinent

case law, the Court adopts the report and recommendation and grants summary judgment to the

defendant.

I.  Background

The facts, according to the pleadings and evidence and considered in the light most

favorable to the non-moving party are as follows:

In 1996, the plaintiff began his employment at the Federal Correctional Institution in

Estill, South Carolina, where he is currently employed as a recreational specialist. Facilitating

the Hobby Craft Program was among his duties.  The Hobby Craft Program is a means of self

improvement and a creative outlet for prisoners.  Participants complete crafts and mail them to

designated friends or family members.

An inmate informed the plaintiff's superiors that the plaintiff allowed Hobby Craft

Program participants to send contraband to designated friends and family members in their

completed crafts.  On August 14, 2002, Associate Warden Charles Hawkins ("Hawkins")

informed the plaintiff that he was under investigation for possible misconduct.  Therefore,

Hawkins assigned the plaintiff to an observation post outside the institution and instructed the

plaintiff to observe the recreation yard and to report any abnormalities.  The plaintiff was

required to report to the Operations Lieutenant upon arrival and departure from the institution

and to the Special Investigative Supervisor upon arrival and departure from the observation post.

The plaintiff's shift at the observation post consisted of different hours than he worked

previously as a recreational specialist.

Investigators from the Office of the Inspector General ("investigators") investigated the

plaintiff for four charges including: 1) falsifying documents, 2) failure to follow the institution's policies,  3) breach of security, and 4) failure to supervise inmates.  The investigators showed the plaintiff pictures of contraband that inmates attempted to send to designated friends and family members and forms that the plaintiff signed to authorize the packages to be sent.  The plaintiff admitted that he allowed inmates to seal packages without prior inspection because he was in a hurry.  The plaintiff admitted to the investigators that he failed to follow the institution's policies and may have been negligent.  The plaintiff was not disciplined for his admitted negligence because he showed that other institution employees also authorized packages containing contraband to be sent.  All charges except for failure to follow the institution's policies were dropped.  The plaintiff was given a minimally acceptable performance review.  The plaintiff returned to his post upon the conclusion of the investigation.  No disciplinary action was taken against the plaintiff.

On September 9, 2002, the plaintiff filed a discrimination complaint with the Equal Employment Opportunity Office ("EEO office").  The plaintiff alleged that he was treated disparately because of his Hispanic origin.  He alleges that he should not have been subjected to any investigation.

II.  Summary Judgment Standard

When a party has moved for summary judgment, the judgment sought shall be rendered forthwith if: "The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no

genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 247, 248 (1986).  An issue of such material fact is "genuine" if the evidence so offered is such that a reasonable jury might return a verdict for the non-movant.  <u>Id</u>. at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  <u>U.S. v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

III.  Plaintiff's Objections

The plaintiff's objections to Magistrate Judge Carr's report and recommendation are as follows: 1) Magistrate Judge Carr wrongfully relied on Warden Geraldo Maldonado's ("Maldonado's") affidavit; 2) the plaintiff's deposition in evidence was "seriously altered" and therefore should not have been considered; 3) the plaintiff's reassignment to an observation post outside the institution was a "false justification" for discrimination; 4) Magistrate Judge Carr failed to consider the plaintiff's evidence; and 5) Magistrate Judge Carr misstated the facts in order to grant the defendant's motion for summary judgment.  These objections are each discussed in turn below.

A. Warden Geraldo Maldonado's Affidavit

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper if:

> The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Therefore, Magistrate Judge Carr had a duty to consider the affidavits on file.  The defendant

filed Maldonado's affidavit in support of its motion for summary judgment.  Rule 56(e) of the

Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify on matters stated therein.

In this case, Maldonado is warden of the Federal Correction Institution in Estill, South Carolina.

Maldonado is one of the plaintiff's superiors.  In his affidavit, Maldonado discusses the

application of the institution's policies to the plaintiff based on the plaintiff's alleged

misconduct.  As warden, Maldonado is responsible for executing the institution's policies and

may make a sworn statement concerning his implementation of the institution's policies.  In his

affidavit, Maldonado states that he directed the plaintiff's reassignment pending investigation.

Affidavit of Maldonado, p. 4.  Therefore, his affidavit is based on personal knowledge.

Maldonado's affidavit satisfied the requirements of Rule 56, and Magistrate Judge Carr properly

reviewed it.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322 n. 3 (1986).

Maldonado states that he made the decisions to reassign the plaintiff based on inmates'

allegations of the plaintiff's misconduct.  Maldonado also asserts that he is Hispanic and that his

decisions with respect to the plaintiff's reassignment were not motivated by the plaintiff's ethnic

origin.  Therefore, the plaintiff's mere allegation that Maldonado's affidavit should not be

considered is insufficient.  Instead the plaintiff must show that there is a genuine issue of

material fact for trial.  Fed. R. Civ. P. 56.  He has failed to do so, and his objection with regard to

Maldonado's affidavit is without merit.

B.  Plaintiff's Deposition

The plaintiff alleges that his deposition in evidence was "seriously altered" and therefore should not have been considered.  Plaintiff's Objections, p. 4.  However, the plaintiff signed the deposition in evidence and certified that it is a true and correct record of his deposition.  In his report and recommendation, Magistrate Judge Carr cites portions of the plaintiff's deposition.  The plaintiff alleges that Magistrate Judge Carr relied on an altered summary of the plaintiff's deposition in order to conclude that the plaintiff's supervisors established legitimate non-discriminatory reasons for the plaintiff's reassignment.  The plaintiff argues that the "'true' deposition testimony . . . reveals nothing more than an 'obvious' manipulation of words which were spoken by the Plaintiff at the deposition."  Plaintiff's Objections, p. 3.

This Court has reviewed the entire record including the plaintiff's deposition in its entirety and agrees with Magistrate Judge Carr's conclusions.  The plaintiff's deposition and his own memoradum of law in support of his complaint shows that the plaintiff admitted negligence in inspecting the prisoner's outgoing hobby packages.  The evidence shows that an inmate brought serious charges against the plaintiff.  In his deposition, the plaintiff admitted that the investigators had a duty to investigate the charges. The plaintiff's objection with respect to his deposition is without merit.

C. Motives of Plaintiff's Superiors

The plaintiff alleges that his  reassignment to an observation post outside the institution was a "false justification" for discrimination based on his Hispanic ethnicity.  Title VII, which was enacted as part of the Civil Rights Act of 1964, provides that an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national

origin." 42 U.S.C. §2000e-2(a)(1).  The plaintiff must show disparate treatment by evidence of intentional discrimination or by showing that he was treated disparately to other similarly situated individuals.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1971).  The employer must then show some legitimate, nondiscriminatory reason for his acts.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-256 (1981).  The burden then shifts to the plaintiff to show that the legitimate reasons offered by the employer were a pretext for discrimination.  Id.

In this case, the defendant has shown that the plaintiff was transferred to the observation post for security purposes and for the protection of the prison, the inmates and the plaintiff.  The plaintiff admits that he was moved to the observation post for these security purposes.  Plaintiff's Deposition, pp. 59-61.  The plaintiff states that before he knew he was under investigation, he did not believe that he was moved for security purposes, but after speaking with the Office of the Investigative General, he agreed that his reassignment to the observation post was appropriate.  Plaintiff's Deposition, pp. 60-61.

The plaintiff has not shown that these legitimate security reasons offered by his superiors were merely a discriminatory pretext.  In his deposition, the plaintiff admits that serious charges were brought against him.  The plaintiff also admits that other employees who failed to follow institution policy were not the subjects of allegations of falsifying documents and breach of security.  Plaintiff's Deposition, pp. 97-98.  The plaintiff alleges that other employees who violated the institution's policy were treated differently.  However, the plaintiff states that as a result of the investigation of these other employers, they were either terminated or they resigned.  Plaintiff's Deposition, pp. 67-71.  The plaintiff was not terminated.  At the close of the investigation, he resumed his duties as recreational specialist.  He was not subject to any

disciplinary measures. Therefore, the plaintiff has shown neither disparate treatment nor a discriminatory motive, and his objection is without merit.

### D. Consideration of Plaintiff's Evidence

The plaintiff claims that Magistrate Judge Carr failed to consider his evidence. The plaintiff claims that the only evidence considered by Judge Carr was: 1) the plaintiff was assigned to an unarmed observation post and was required to abide by different procedures of reporting to work, departing from work, and requesting leave and 2) the plaintiff was instructed to report to the Special Investigative Supervisor upon arrival and departure from his post. This is not the case. In his report and recommendation, Magistrate Judge Carr simply stated that these were the only claims that the plaintiff presented to the EEO Office. Report and Recommendation, p. 7. This Court has reviewed the entire record, and in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, this Court has considered all of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Magistrate Judge Carr also cites Rule 56(c). Report and Recommendation, p. 2. The plaintiff has failed to show that Magistrate Judge Carr did not consider his evidence. In addition, this Court has reviewed the entire record and agrees with Magistrate Judge Carr's recommendation. The plaintiff's objection is without merit.

### E. Magistrate Judge Carr's Alleged Factual Misstatements

In his objections, the plaintiff states that "Magistrate [Judge Carr] does nothing but 'misstate the actual deposition testimony of [the] Plaintiff." This Court has reviewed the Plaintiff's deposition in its entirety and for the reasons stated above, agrees with Magistrate Judge Carr's conclusions.

No genuine issue of material fact exists in this case. Therefore, the defendant is granted summary judgment.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 13, 2006
Charleston, South Carolina